**ETNA PRODUCTS CO., INC., Plaintiff,**

v.

**TACTICA INTERNATIONAL, INC., et al., Defendants.**

**No. 02 Civ. 3737(LAK).**

United States District Court, S.D. New York.

Dec. 17, 2002.

Bruce E. Lilling, Jacqueline Zion, Lilling & Lilling P.C., White Plains, NY, for Plaintiff.

Kevin B. Collins, Venable, Baetjer, Howard & Civiletti, LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendants in this design patent infringement suit move to disqualify plaintiff's counsel, Bruce E. Lilling, Esq., and his associate on the ground that they previously represented one or more of the defendants in matters substantially related to this one.

The principle governing the motion is plain enough. An attorney may not represent a party in a matter adverse to a former client where there is a substantial relationship between the subject matter of the prior representation and the present matter and the attorney had, or likely had, access to relevant confidential information in the course of the prior engagement.[1] The litigants part company, however, on the question whether the substantial relationship test is satisfied here.

### Facts

Context always is important in determining motions such as this. The defendants are small companies in the business of marketing inexpensive consumer products, chiefly in the personal care area, such as the magnifying mirror at issue in this case, an ionic hair wand, an electronic blemish remover, and a plaque removal toothbrush. There is no suggestion that any involves substantial technical information. The patent here in suit, moreover, is a design patent. In consequence, there is no reason to conclude from the fact that Mr. Lilling did patent and other intellectual property work for the defendants some years ago that he gained any technical or other specialized knowledge concerning any products or technology significant to defendants' business.[2]

This is borne out by consideration of the details of the defendants' prior relationship with Mr. Lilling, which was quite limited. Defendants' attorney at the time they came into contact with Mr. Lilling was Susan L. Cohen, Esq. In 1997, Ms. Cohen became "of counsel" to Mr. Lilling's firm, Lilling & Lilling, P.C. During that year,

1. *E.g., Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791 (2d Cir.1983).

2. Mr. Lilling's associate was involved in the prior representation only for a brief period and, so far as the record discloses, only in assisting Mr. Lilling. In consequence, there is no need to refer to her separately.

she involved Mr. Lilling in counseling defendants on three occasions. The first involved advice regarding the scope of certain patents owned by Sonex International Corporation ("Sonex"), which, in light of subsequent events, the Court infers related to a plaque removal toothbrush. The second concerned advice regarding whether defendants' ionic hair wand infringed another patent. Finally, Mr. Lilling prepared a U.S. patent application for an electronic blemish remover.

In 1998, Sonex sued one or more of the defendants with respect to the plaque remover toothbrush, and Mr. Lilling responded on defendants' behalf to a preliminary injunction motion. But his relationship with Ms. Cohen—and therefore his relationship with the defendants—came to an end in September 1998. In consequence, he was not involved in the subsequent litigation or resolution of the Sonex case.[3]

The dispute between plaintiff and defendants appears to have arisen earlier this year. In April and May 2002, Mr. Lilling and defendants' general counsel had settlement discussions during which the defendants raised the disqualification issue. The settlement talks, however, were unsuccessful, and this case was filed on May 16, 2002. Certain of the defendants then moved to dismiss without raising the issue of Mr. Lilling's representation of the plaintiff. Indeed, the present motion was not filed until November 7, 2002, almost six months after the commencement of the action.

*Discussion*

Determination of whether a prior representation is "substantially related" to a current engagement does not yield to a simple or mechanical rule. Nevertheless, the principles are relatively plain. As Judge Pauley recently wrote in a case upon which defendants place principal reliance:

"As it has refined the standard, the Second Circuit has determined that as a practical matter, motions to disqualify should be granted only when 'the relationship between issues in the prior and present cases is patently clear'" or that the issues involved are 'identical' or 'essentially the same.' After a thorough examination of the leading successive representation cases, Judge Leisure of this court articulated the relevant standard as follows: " 'if the facts giving rise to an issue which is material in both the former and the present litigations are as a practical matter the same, then there is a "substantial relationship" between the representations for purposes of a disqualification.'" *Mitchell v. Metro. Life Ins. Co.*, No. 01 Civ. 2112(WHP), 2002 WL 441194, at *4 (S.D.N.Y. Mar. 21, 2002) (internal citations omitted).

██ As the foregoing demonstration suggests, there is precious little basis for supposing that the substantial relationship test is satisfied here. The nature of the prior representation—brief, episodic, and limited—does not suggest a strong likelihood that relevant confidential information passed from defendants to Mr. Lilling.[4]

---

**3.** During 1998, Mr. Lilling filed a U.K. counterpart patent application for the electronic blemish remover and gave some advice regarding whether three or four other products that defendants considered marketing were covered by U.S. patents. There is no suggestion that any of those products or patents was related in any way to the design patent here in suit.

**4.** Defendants' reliance on the fact that Mr. Lilling, as their counsel, signed a proposed form of confidentiality protective order in the *Sonex* litigation is misplaced. There has been no showing that the order ever was signed by the other side or entered or, in any case, that defendants ever in fact produced confidential documents in that case under its protection.

There has been no showing that there is any connection between the design patent and products here in suit and the patents, products, and other matters that were involved in Mr. Lilling's prior representation of the defendants. Certainly, there is no reason to suppose that "the facts giving rise to an issue which is material in both the former and the present litigations are as a practical matter the same."[5] The suggestion that Mr. Lilling has used confidential information acquired in his former representation to further this lawsuit is unsubstantiated.

Disqualification motions are subject to abuse for tactical purposes. They may deprive a party of the counsel of its choice and otherwise delay the resolution of the underlying legal dispute. Moreover, professional disciplinary bodies are available to police the behavior of counsel. Accordingly, the Second Circuit has made clear that disqualification is appropriate only if a violation of the Code of Professional Responsibility gives rise to "a significant risk of trial taint."[6] That is to say, disqualification for an alleged conflict of interest is appropriate only if there is a significant risk that the conflict will affect the attorney's ability to represent his or her client with vigor or if the attorney is in a position to use privileged information acquired in the representation of a former client against that client in another matter.[7]

Defendants have not persuaded this Court that there is a meaningful risk that Mr. Lilling and his associate possess any privileged or confidential information concerning defendants, much less, given the lack of relationship between the subject matters of this and the prior representations, that they would be in a position to use it against defendants even if they did. Moreover, both the lapse of time between the commencement of this case and the filing of this motion and defendants' counsel's virtual admission at oral argument that the impetus for the filing of the motion was defendants' perception that Mr. Lilling's settlement posture is unreasonable suggest that the principal factor motivating this motion is tactical.

### Conclusion

In all the circumstances, the motion to disqualify plaintiff's counsel is denied. As typically is the case in ruling on such motions, the Court makes no definitive determination concerning whether plaintiff's counsel have acted consistently with the Code of Professional Responsibility, a matter that ultimately lies within the province of other bodies. Rather, it determines only that defendants have not satisfied their burden of persuading the Court that the risk of trial taint is sufficiently great to warrant disqualification.

SO ORDERED.

5. *United States Football League v. Nat'l Football League*, 605 F.Supp. 1448, 1459 (S.D.N.Y.1985).

6. *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir.1981); *see also Artek Sys.*, 715 F.2d at 791 (noting the high burden that a party must satisfy when moving to disqualify former counsel now representing an adverse party).

7. *See, e.g., Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979).